IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:19-cv-60-BO

| | |
|---|---|
| BETTY JO HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | ORDER |
| ) | |
| SOUTHEASTERN REGIONAL ) | |
| MEDICAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge Kimberly Swank. [DE 3]. On October 18, 2019, Judge Swank recommended that this action be dismissed. For the reasons that follow, the M&R [DE 3] is ADOPTED and this action [DE 1] is DISMISSED.

## BACKGROUND

In March 2019, plaintiffs filed a *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE 1]. Plaintiffs bring medical malpractice and wrongful death claims against Southeastern Regional Medical Center and various medical practitioners for the death of Carl Wayne Locklear.

In October 2019, Judge Swank entered the instant memorandum and recommendation (M&R), granting the application to proceed *in forma pauperis* with respect to Betty Jo Hill, who submitted the IFP application, and recommending that plaintiffs' case be dismissed for lack of subject-matter jurisdiction. [DE 3]. Plaintiffs filed no specific objections to the findings of the M&R, instead submitting a list of reasons the complaint should not be dismissed, which consists of factual allegations surrounding Mr. Locklear's death. [DE 4].

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Here, plaintiffs have not specifically objected to any portion of the M&R. The M&R notes that there is no diversity of citizenship between the parties and no federal question, and therefore, finds that the Court does not have subject-matter jurisdiction over the dispute. The claims sound in North Carolina tort law and must be heard in North Carolina state courts.

The Court has reviewed the M&R and is satisfied that there is no clear error on the face of the record. Accordingly, the M&R is ADOPTED.

## CONCLUSION

The memorandum and recommendation of Magistrate Judge Swank [DE 3] is ADOPTED and plaintiffs' complaint is DISMISSED.

SO ORDERED, this __19__ day of December, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE